IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  11–cr–000335-001-MSK

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  WAUNITA WEINGART,

Defendant.

## MOTION FOR PRODUCTION OF RULE 801(D)(2)(E) MATERIALS AND FOR A <u>JAMES</u> DETERMINATION OF ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS

Comes now the Defendant, Waunita Weingart, by and through her attorney, Martin Stuart, and submits his Motion for Production of Rule 801(d)(2)(E) Materials and for a <u>James</u> Determination of Admissibility of Alleged Co-Conspirator Statements.

**AS GROUNDS:**

1.  The defense anticipates that the Government may seek to admit statements allegedly made by co-defendants in the instant case as evidence at trial. Although the government has not charged the defendant with conspiracy, in an abundance of caution defense counsel seeks a determination by the Court of the admissibility of such statements as  determined by the application of Fed. R. Evid. 801(d)(2)(E) and <u>Crawford v. Washington</u>, 541 U.S. 36 (2004). In order to determine whether these alleged statements are properly admissible at trial pursuant to Rule 801(d)(2)(E), the prosecution must show by a preponderance of evidence that a

conspiracy existed, that this Defendant and the declarant were members of the conspiracy, and that such statements were made in the course of and in furtherance of the conspiracy. United States v. Lopez-Gutierrez, 83 F.3d 1235, 1242 (10th Cir. 1996).

2.   In order to admit co-conspirator statements under Rule 801(d)(2)(E), the Court must find that there is some evidence independent of the proffered co-conspirator statements themselves linking the defendant to the conspiracy. *Id.*

3.   A pretrial hearing provides an appropriate, orderly means for determining the admissibility of co-conspirators' statements outside the presence of the jury. United States v. James, 590 F.2d 575, 585-86 (5th Cir.), *cert. denied*, 442 U.S. 917 (1979). United States v. Lopez-Gutierrez, 83 F.3d 1235, 1242 (10th Cir. 1996). In Lopez-Gutierrez, the Tenth Circuit held "that the preferred order of proof in determining the admissibility of coconspirator statements is first for the district court to hold a James hearing, 'outside the presence of the jury to determine by a preponderance of the evidence the existence of a predicate conspiracy.'" 83 F.3d at 1242 (citations omitted).

4.   A James hearing is particularly appropriate in this case, as the case does not involve intercepted communications recorded pursuant to a wiretap. The discovery provided by the prosecution to date consists primarily of financial and other transactional records that do not reflect oral communications between or among members of the purported conspiracy. The Government's case appears to be predicated upon financial records and the statements or alleged omissions in the context of the defendants' bankruptcy proceedings.  As such, the defendant's ability to

assess or confront the evidence that the prosecution may rely upon to carry its burden under Rule 801(d)(2)(E) is substantially reduced.

**WHEREFORE**, Defendant moves the Court to hold a <u>James</u> hearing, outside the presence of the jury.

Respectfully submitted,

Dated: <u>July 9, 2012</u>  By: <u>s/Martin Stuart</u>
 MARTIN STUART, *counsel for* Ms. Weingart
 PortmanStuart, LLC
 955 Bannock Street, suite 200
 Denver, CO 80204
 Phone 303-355-6789
 Fax 303-623-0714

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of July 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Linda Kaufman
Assistant United States Attorney
1225 17th St., Ste. 700
Denver, CO 80202
Linda.kaufman@usdoj.gov

William Taylor
*Attorney or John Gallegos*
303 16th Street, #200
Denver, CO 80202
wltaylorpc@gmail.com

Paula Ray
*Attorney for Alois Craig Weingart*
1801 Broadway, suite 1100
Denver, CO 80202
paulamray@earthlink.net


/s/ Martin Stuart_____
Martin Stuart