IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  11–cr–000335-001-MSK

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.     WAUNITA WEINGART,

Defendant.

## DEFENDANTS' MOTION TO CONTINUE JURY TRIAL

Comes now the Defendant, Waunita Weingart, by and through her attorney, Martin Stuart, and moves this Court for the entry of an Order to continue the jury trial that is currently set to commence on September 17, 2012, and requests an ends-of-justice continuance of 120 days.

**AS GROUNDS:**

1.    On October 14, 2011, this Court scheduled the jury trial in this case to commence on September 17, 2012.  [Doc 42]  At that time, it was anticipated that the trial would last 15 trial days.  As indicated in the Joint Motion to Expand the Number of Days Allotted for Trial [Doc. 123], it is now anticipated that the trial will last anywhere between 20 and 25 trial days.

2.    The substantial increase in the amount of days necessary to try this case is based primarily on the large number of witnesses that the prosecution will call to testify.

1

3. As referenced in the Joint Motion [Doc. 123], the government provided its preliminary (or draft) list of anticipated prosecution witnesses to defense counsel on August 16, 2012. This list consists of 157 witnesses the government has characterized as "will call" witnesses: 135 named witnesses and 22 witnesses currently identified only by their title as custodians of records for different banks.

4. Prior to August 2, 2012, defense counsel had received 14 witness reports (primarily FBI 302s) as well as grand jury transcripts detailing the testimony of two federal agents in this case. On August 2, 2012, the prosecution provided the disclosure of its proffered summary/lay/expert witness, Ms. Dana Chamberlin: a 107-page pleading supplemented by approximately six inches of appendices. On August 3, 2012, in open court just moments prior to the commencement of the motions hearing, the prosecution provided defense counsel with 35 new reports memorializing recent witness interviews, the majority of said witnesses who were previously unknown to defense counsel. The prosecution informed defense counsel that all of these witnesses will be called at trial, and that they are all substantive witnesses, that is to say that none of them are mere document custodians being called to authenticate or lay the foundation for trial exhibits.

5. On August 16, 2012, the prosecution informed defense counsel that there are an additional 25 such memoranda of interview "in the pipeline" and an additional number will be provided thereafter. It appears, based on information provided by the government that it anticipates providing an additional 75 (or so) FBI 302s or IRS Memoranda of Interview in the next 28 days leading up to the scheduled commencement for trial. The government informs the defense that these reports are

based on interviews of additional witnesses that the government has just recently conducted or plans to conduct in the immediate future.

6. The sheer volume of newly identified witnesses, the timing and volume of the disclosures by the government, and the nature of the newly disclosed information all deprive the defense of a meaningful opportunity in the time left before trial to prepare effectively to defend their clients. Defense counsel will need adequate time to review these additional reports independently and with their client, and then to investigate the new information accordingly. Making this venture more difficult is the fact that no contact information has been provided for the 135 named substantive witnesses. Moreover, no identifying information of any sort has been provided for the twenty-two document custodians. No criminal histories have been provided for any of the witnesses that the prosecution intends to call in its case-in-chief, nor have criminal histories of the named defendants been provided, despite repeated requests for this information.

7. In addition, defense counsel's wife is scheduled to have the birth of their child on or about October 29, 2012. Defense counsel will therefore be unavailable on the date of the birth and the following day unless complications arise. Prior to the receipt of the government's August 16th expected witness list, defense counsel believed that Ms. Weingart's trial would have concluded weeks before the expected arrival of his new child and therefore did not raise this issue previously.

8. Without reference to new discovery "in the pipeline," information in the 35 witness interview memoranda provided at the motions hearing on August 3, 2012, has driven additional investigation required in order for defense counsel to provide effective

representation for their clients.  For instance, the new reports include allegations that specific conversations involving parties to the case occurred on specific dates. Investigation must now be conducted to determine whether an alibi may be established for the date in question.  This will prove time-consuming as many of these alleged conversations happened between five and ten years ago, and it may prove impossible to complete in the time remaining prior to trial.

        9.      Additional investigation must also be undertaken to interview many of the newly-discovered witnesses.  Again, as no contact information (not even so much as identifying the witness' state of residence) has been provided, it will prove time-consuming to locate, let alone speak with, them.  Locating and interviewing more than 100 newly identified witnesses in the time remaining prior to trial is simply not possible. Even if the government were to provide contact information, it is now impossible for defense counsel to read and analyze the material, prepare investigation requests for its investigators, for the investigators to contact and interview the witnesses, prepare witness interview memoranda for the defense, and for defense counsel to analyze that information and prepare witness examinations of the 100-plus newly discovered witnesses.  There simply is not adequate time remaining before trial.

        10.      Further, the additional discovery provided by the government at the motions hearing has required counsel to have to undertake new factual and legal research in support of potential motions, chief among them a possible new motion to sever defendants, on grounds that were unknown at the time of the August 3 motions hearing.

11. In addition to the 100-plus new witness statements that have been/remain to be provided, the prosecution anticipates producing certifications pursuant to FRE 902(11) to defense counsel "sometime next week" (meaning the week of August 20, 2012). Again, this will be less than 28 days prior to the scheduled commencement of trial. Although the defense has requested that the government provide any certifications or declarations that may be ready to the defense now so that the defense can begin to vet them, the prosecution has declined to produce them, saying only that they prefer to deliver them all at once when they are all completed. The defense assumes, but cannot be sure, that it will receive 22 such certifications – one for each custodian referenced on the government's list.

12. Once defense counsel receives the 22 anticipated FRE 902(11) certifications, defense counsel will need time to review and investigate each certification properly. This vetting process is of the utmost importance in this case as the authenticity of documents is at issue. This fair opportunity to challenge such certifications is required by the rule itself: "Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them." FRE 902(11). It is defense counsels' position that less than 28 days to properly vet 22 certifications—while simultaneously reviewing 70+ new witness statements and otherwise preparing for trial—is not a "fair opportunity to challenge."

13. Defense counsel is not here alleging a violation of Fed. Crim. P. 16 or of this Court's discovery order in connection with the timing of the government's production

of discoverable material.  It is not disputed that the government did not have this information to discover until such time as it was created by the government.   However, the timing of the government's production of discoverable material makes it so that proceeding to trial as currently scheduled would violate the defendants' constitutional rights to a fair trial and effective assistance of counsel because, quite simply, there is insufficient time for defense counsel to effectively review, process, and confront this new material.  When the government waits until the day of the last scheduled motions hearing and the last month before trial to begin to produce to the defense nearly 90% of the information it intends to offer through witnesses at trial, through more than 150 trial witnesses, the resulting trial cannot possibly be a fair one.  The government's obedience to the rules and the Court's orders here does not equate to the provision to the defendants of a fair trial, given the completely unanticipated and unanticipatable number of witnesses the government now intends to call, and the discovery lately provided and promised.

14.     The Sixth Amendment of the United States Constitution guarantees an accused the right to a fair trial and effective assistance of counsel.  It is defense counsels' position that, if required to proceed to trial on the currently scheduled commencement date of September 17, 2012, Ms. Weingart's Sixth Amendment rights would be violated.

15.     Defense counsel has spoken with his client and can represent to this Court that Ms. Weingart understands her constitutional right to a speedy trial and understands that her rights to due process of law and a fair trial and to the effective assistance of her appointed counsel here trumps her right to a speedy trial.

16. Pursuant to 18 U.S.C. §3161(h)(7)(A) and (B), defense counsel respectfully requests an ends-of-justice continuance of this trial. As set forth in this pleading, good cause has been established that the ends of justice served by granting this request outweigh the best interest of the public and of the defendants in a speedy trial. MSK Cr. Practice Standards II.E.1,2; V.5A.2.

17. In determining whether an ends-of-justice continuance is merited, the court is to consider the factors enumerated in 18 U.S.C. §3161(h)(7)(B)(i)-(iv) and determine whether the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial. *U.S. v. Toombs*, 574 P.2d 1262, 1268 (10th Cir. 2009). In making its findings, both the parties and the court must provide an explanation of why the occurrence of the identified event prompting the request to continue necessitates additional time. *Id.* at 1271 (*citing U.S. v. Williams*, 511 F.3d 1044, 1058 (10th Cir. 2007)).

18. As previously detailed, a continuance will allow defense counsel to effectively represent Ms. Weingart as guaranteed by the United States Constitution. Specifically, it will allow defense counsel sufficient time to adequately review the voluminous newly-discovered evidence and investigate and challenge said evidence. It is not for lack of due diligence that this request is being made; effective preparation simply cannot be accomplished in the time remaining before trial with the voluminous amount of discovery recently produced and anticipated to be produced in the immediate weeks prior to trial. 18 U.S.C. §3161(h)(7)(B)(iv). (*See U.S. v. Bowman*, 2009 WL 5101771, 2-3 (N.D. Okla. 2009) (while not declaring the case complex, the court found that it would be unreasonable to expect counsel to review the voluminous discovery

recently produced by the government and prepare the case for trial within the allotted schedule, and that failure to grant a continuance would unreasonably deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence).

19. Moreover, failure to grant this continuance would be likely to result in the denial of guaranteed constitutional rights and a miscarriage of justice. 18 U.S.C. §3161(h)(7)(B)(i). As recognized by the *Bowman* court, *supra*, "While a speedy resolution in criminal cases serves the public interest, it does not benefit the public if a criminal case is rushed and a miscarriage of justice results." *Id.* at 3. It is unreasonable to expect adequate preparation for the trial itself with the timing as it currently stands: over 100 new witnesses and reports produced within 45 days of the trial commencement (the majority of which have yet to be produced with only 28 days until commencement); 22 FRE 902(11) certifications that have yet to be produced and for which defense counsel is entitled to a "fair opportunity to challenge"; and newly-discovered evidence (with more to come less than 28 days prior to trial) that requires follow-up interviews and additional investigation pertaining to possible alibi defenses. 18 U.S.C. §3161(h)(7)(B)(i),(iv).

20. With the statutory factors established to support this requested continuance, Ms. Weingart respectfully submits to this Court that good cause has been established with particularity in support of her request to continue the jury trial. 18 U.S.C. §3161(h)(7)(A),(B); MSK Cr. Practice Standards II.E.2, V.5.A.2.

21. Ms. Weingart respectfully requests an additional four months to adequately prepare for this trial.

22. Counsel for co-defendant Mr. Gallegos provided the government with a draft of this motion and sought the position of the government on it. Undersigned counsel also discussed this motion with the government. The government has authorized co-defendant John Gallegos' counsel to state as follows: "The government has stated that it does not object to the granting of a continuance of the September 17, 2012 trial date consistent with the limitations of the Speedy Trial Act, 18 U.S.C [§] 3161. The government will file a more detailed response to this motion promptly." Ms. Weingart's motion is in large part identical to co-defendant John Gallegos' motion to continue.

23. Undersigned counsel has consulted with defense counsel for Mr. Weingart and Mr. Gallegos, respectively, who both have authorized the undersigned to state that they are in agreement with the request for continuance contained in this motion.

WHEREFORE, Ms. Weingart respectfully requests that this Court GRANT her Motion to Continue.

Respectfully submitted,

Dated: August 20, 2012          By: s/Martin Stuart
                                                    MARTIN STUART, *counsel for* Ms. Weingart
                                                    PortmanStuart, LLC
                                                    955 Bannock Street, suite 200
                                                    Denver, CO 80204
                                                    Phone 303-355-6789
                                                    Fax 303-623-0714

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Linda Kaufman
Assistant United States Attorney
1225 17th St., Ste. 700
Denver, CO 80202
Linda.kaufman@usdoj.gov

William Taylor
*Attorney or John Gallegos*
303 16th Street, #200
Denver, CO 80202
wltaylorpc@gmail.com

Paula Ray
*Attorney for Alois Craig Weingart*
1801 Broadway, suite 1100
Denver, CO 80202
paulamray@earthlink.net


/s/ Martin Stuart_____
Martin Stuart