IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-355-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    WAUNITA WEINGART,
2.    JOHN PHILLIP GALLEGOS,
3.    ALOIS CRAIG WEINGART,

    Defendants.

## GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE FED. R. EVID. 404(b) EVIDENCE AT TRIAL

    The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorneys Linda Kaufman and Martha Paluch, hereby gives notice of its intent to introduce evidence pursuant to Fed.R.Evid. 404(b) at trial. The general nature of such evidence is set forth below.

    1.    The Rule 404(b) evidence relating to the September 22, 2000 loan for 430 E. 6th Avenue, Denver, Colorado is as follows:

        a.    On or about September 22, 2000, John Phillip Gallegos obtained a loan for the purchase of a residence located at 430 E. 6th Avenue, Denver, Colorado 80203.[1] On his application for the loan, John Gallegos gave the false social security

---

[1] The government has referred to this loan by Loan Code "6th-1" in materials previously provided as discovery, and intends to introduce evidence about it other than that described here which is inextricably intertwined with the evidence of the charged scheme, and thus not Rule 404(b) evidence.

1

number 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. As part of the application process, he also submitted a Form W-9 Request for Taxpayer Identification Number and Certification, on which he verified that social security number 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 was his, when it was not. Waun Weingart's name appeared as interviewer for G-4 Holding, LLC on the loan application. The loan was obtained from G-4 Holding Company and immediately assigned to Flagstar Bank. Craig A. Weingart acted as notary on the assignment of the deed of trust to Flagstar Bank.

    b.  John Gallegos subsequently obtained several other loans to refinance his property at 430 E. 6th Avenue, Denver, Colorado, namely a loan made to him on September 22, 2000 by Stonecreek Financing, a loan on June 25, 2001 by Peoples' Choice Home Loans, a loan on July 11, 2001 by Matrix Financial Services, two loans on November 11, 2001 by CBSK Financial Group, Inc., dba American Home Loans, and a loan on December 20, 2011 by Bridge Capital Corp.[2] The September 22, 2000 loan to Flagstar Bank was never paid off.  Instead, monthly payments were made on that loan through May 2008 with funds drawn on accounts held in the name of Colorado County and Community Title, accounts held in the name of Craig and Waun Weingart and accounts held in the name of John Gallegos. The fact that payments were made on the Flagstar Bank loan is offered as Rule 404(b) evidence because it shows that this loan was not paid off. Evidence that these payments were made is inextricably intertwined with the evidence showing the defendants' use of funds derived from the charged scheme.

    c.  On the Schedule F-Creditors Holding Unsecured Non-Priority Claims filed in his bankruptcy proceeding in the District of Arizona in July 2009, John Gallegos,

---

[2]The government has referred to these subsequent loans by Loan Codes "6th-2", "6th-3", "6th-4", "6th-5-A", "6th-5-B", and "6th-6", respectively.

in connection with the loan he had obtained on September 22, 2000 for 430 E. 6th Ave, Denver, Colorado listed Flagstar Bank as a creditor holding an unsecured non-priority claim. The fact that John Gallegos listed Flagstar Bank as a creditor holding an unsecured non-priority claim is offered as Rule 404(b) evidence because it is an admission that the loan was not paid off as of July 2009, and that the creditor was unsecured. Evidence that this debt was listed on Gallegos' Schedule F is inextricably intertwined with the evidence relevant to the charged scheme because it appears within the same document.

2.   The Rule 404(b) evidence relating to the November 30, 2001 loans for 430 E. 6th Avenue, Denver, Colorado is as follows:

a.   On or about November 30, 2001, John Gallegos obtained first and second mortgage loans to refinance his property at 430 E. 6th Avenue, Denver, Colorado. The loans were obtained from CBSK Financial Group, Inc., dba American Home Loans.[3] Waun Weingart's name appeared as interviewer for G-4 Holding Company, LLC. On his loan application for the first mortgage, John Gallegos gave the false social security number 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. On that loan application, he also falsely represented that he owned 422 E. 6th Avenue, Denver, Colorado, when he did not, and that he had a liability to Flagstar Bank associated with 422 E. 6th Avenue, when he did not. That liability from Flagstar Bank was actually associated with the prior outstanding mortgage which he had obtained on September 22, 2000 in connection with his purchase of 430 E. 6th Avenue, Denver, Colorado. The promissory notes for Gallegos' November 30, 2001 refinancing of 430 W.

---

[3]The government has referred to these loans by Loan Codes "6th-5-A" and "6th-5-B" in materials previously provided as discovery, and intends to introduce evidence about them other than that described here which is inextricably intertwined withe the evidence of the charged scheme, and thus not Rule 404(b) evidence.

3

6th Avenue bear the forged certifications of John R. Eisenhauer; the deeds of trust bear the forged certifications and notarizations of John R. Eisenhauer.

    b. John Gallegos subsequently obtained a loan on December 20, 2001 to refinance 430 E. 6th Avenue, Denver[3], the CBSK mortgages described above were never paid off. Instead, monthly payments were made on the CBSK loans through May 2008 with funds drawn on accounts held in the name of John Gallegos, accounts held in the name of Colorado County and Community Title, accounts held in the name of Craig and Waun Weingart, and an account held in the name of Waun Weingart. The fact that payments were made on the CBSK loans is offered as Rule 404(b) evidence because it shows that these loans were not paid off. Evidence that these payments were made is inextricably intertwined with the evidence showing the defendants' use of funds derived from the charged scheme.

    c. On his Schedule F - Creditors Holding Unsecured Non-Priority Claims filed in bankruptcy proceedings in the District of Arizona in July 2009, John Gallegos, in connection with the loan he had obtained on November 30, 2001 for 430 E. 6th Ave., Denver, Colorado listed Ocwen Loan Servicing, LLC and Wilshire Credit as creditors holding unsecured non-priority claims. The fact that John Gallegos listed Ocwen Loan Servicing and Wilshire Credit as creditors holding unsecured non-priority claims is offered as Rule 404(b) evidence because it is an admission that the loans were not paid off as of July 2009, and that the creditors were unsecured. Evidence that these debts were listed on Gallegos' Schedule F is inextricably intertwined with the evidence relevant to the

---

[3] The government has referred to this loan by Loan Code "6th-6" in materials previously provided as discovery.

charged scheme because it appears within the same document.

    3.    The Rule 404(b) evidence relating to the April 8, 2005 loan for 7603 California Avenue SW, Seattle, Washington is as follows:

    a.    On or about April 8, 2005, John Phillip Gallegos obtained a loan from Washington Mutual Bank to refinance his property at 7603 California Avenue SW, Seattle, Washington;[4] which he had purchased on July 19, 2001. On his application, Gallegos falsely represented that he owned property located at 2523 W. 45th Ave., Seattle, Washington; 20 Whistler Pine Way, Vancouver, Washington; 666 Sunrise Place, Phoenix, Arizona; 2122 W. 44th Place, Seattle, Washington; 575 Pennsylvania, Denver, Colorado; 571 Pennsylvania, Denver, Colorado; 569 Pennsylvania, Denver, Colorado; 563 Pennsylvania, Denver, Colorado; 561 Pennsylvania, Denver, Colorado; and 1302 Sherman Denver, Colorado. As part of the application process, he also falsely represented that he had outstanding mortgages against those properties, all listed as liabilities on his application, when he did not. Those liabilities were actually associated with outstanding mortgages he had on his properties at 141 Lost Angel Road, Boulder, Colorado and 430 E. 6th Avenue, Denver, Colorado.

    b.    John Gallegos subsequently obtained several other loans to refinance his property at 7603 California SW, Seattle, Washington, namely, loans made to him on October 12, 2007 by Countrywide Home Loans, January 22, 2008 by Bank of America, and January 2008 by Bank of America. The April 8, 2005 loan by Washington

---

[4] The government has referred to this loan by Loan Code "Calif-3" in materials previously provided as discovery, and intends to introduce evidence about it other than that described here which is inextricably intertwined with the evidence of the charged scheme, and thus not Rule 404(b) evidence.

5

Mutual Bank was never paid off. Instead, monthly payments were made on that loan through May 2008 with funds drawn on bank accounts held in the name of John Gallegos and a bank account held in the name of Waun and Craig Weingart. The fact that payments were made on the Washington Mutual Bank loan is offered as Rule 404(b) evidence because it shows that this loan was not paid off. Evidence that these payments were made is inextricably intertwined with the evidence showing the defendants' use of funds derived from the charged scheme.

      c.      On his Schedule F - Creditors Holding Unsecured Non-Priority Claims filed in his bankruptcy proceeding in the District of Arizona in July 2009, John Gallegos, in connection with the loan he had obtained on April 8, 2005 for 7603 California SW, Seattle, Washington, listed Washington Mutual as a creditor holding an unsecured non-priority claim. The fact that John Gallegos listed Washington Mutual as a creditor holding an unsecured non-priority claim is offered as Rule 404(b) evidence because it is an admission that the loan was not paid off as of July 2009, and that the creditor was unsecured. Evidence that this debt was listed on Gallegos' Schedule F is inextricably intertwined with the evidence relevant to the charged scheme because it appears within the same document.

    4.    The Rule 404(b) evidence relating to the January 23, 2008 loan for 7603 California Avenue SW, Seattle, Washington is as follows:

      a.      On or about January 22, 2008, John P. Gallegos obtained a loan from Bank of America to refinance his property at 7603 California Avenue SW, Seattle,

Washington.[5] As part of the application process, and on his application, Gallegos falsely represented that he owned property located at 581 Pennseyvaina, 561 Pennseyvaina, 1302 Sherman Street, 20 Whistler Pine Way, 575 Pennseylvaina St., and 563 Pennseyvaina Avenue.[6] He also falsely represented that he had outstanding mortgages against those properties, all listed as liabilities on his loan application, when he did not. Those liabilities were actually associated with outstanding mortgages he had against his properties at 141 Lost Angel Road, Boulder, Colorado, and 430 E. 6th Avenue, Denver, Colorado. Real Estate Title served as settlement agent at the closing. The loan proceeds were not used to pay off any of the prior outstanding mortgages against the California Avenue SW property.

      b.      On his Schedule F - Creditors Holding Unsecured Non-Priority Claims filed in his bankruptcy proceeding in the District of Arizona in July 2009, John Gallegos, in connection with the loan he had obtained on January 22, 2008 for 7603 California SW, Seattle, Washington, listed Bank of America as a creditor holding an unsecured non-priority claim. The fact that John Gallegos listed Bank of America as a creditor holding an unsecured non-priority claim is offered as Rule 404(b) evidence because it is an admission that the loan was not paid off as of July 2009, and that the creditor was unsecured. Evidence that this debt was listed on Gallegos' Schedule F is inextricably intertwined with the evidence relevant to the charged scheme because it appears within the same

---

[5]The government has referred to this loan by Loan Code "Calif-5" in materials previously provided as discovery, and intends to introduce evidence other than that described here which is inextricably intertwined with the evidence of the charged scheme, and thus not Rule 404(b) evidence.

[6]These are the spellings as they appeared on the loan application.

document.

       Respectfully submitted this 27th day of August, 2012.

                    JOHN F. WALSH
                    United States Attorney


                    By: *s/ Linda Kaufman*
                    Linda Kaufman
                    Assistant United States Attorney
                    1225 Seventeenth Street, Suite 700
                    Denver, Colorado 80202
                    Telephone: (303) 454-0100
                    Facsimile: (303) 454-0404
                    E-mail: Linda.Kaufman@usdoj.gov


                    By: *s/ Martha Paluch*
                    Martha Paluch
                    Assistant United States Attorney
                    1225 Seventeenth Street, Suite 700
                    Denver, Colorado 80202
                    Telephone: (303) 454-0100
                    Facsimile: (303) 454-0404
                    E-mail: Martha.Paluch@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 27th day of August, 2012, I electronically filed the foregoing **GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE FED. R. EVID. 404(b) EVIDENCE AT TRIAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Martin Adam Stuart
E-mail: martinstuartlaw@solucian.com

William Lewis Taylor
E-mail: wltaylorpc@gmail.com

Paula M. Ray
E-mail: paulamray@earthlnk.net


By: *s/ Solange Reigel*
SOLANGE REIGEL
Legal Assistant to AUSA Linda Kaufman
United States Attorney's Office
1225 - 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0244
Fax: (303) 454-0402
E-mail: solange.reigel@usdoj.gov