1

1                IN THE UNITED STATES DISTRICT COURT
2                    FOR THE DISTRICT OF COLORADO
3    Case No. 11-cr-00355-MSK
4    _____
5    UNITED STATES OF AMERICA,
6         Plaintiff,
7    vs.
8    WAUNITA WEINGART, et al.,
9         Defendants.
10   _____
11           Proceedings before MICHAEL J. HEGARTY, United
12   States Magistrate Judge, United States District Court for
13   the District of Colorado, commencing at 2:08 p.m., September
14   2, 2011, in the United States Courthouse, Denver, Colorado.
15   _____
16           WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
17   ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...
18   _____
19                           APPEARANCES
20           LINDA KAUFMAN, Assistant United States Attorney,
21   appearing for the government.
22
23   _____
24                        INITIAL APPEARANCE
25

                                                                2

  1                    P R O C E E D I N G S
  2               (Whereupon, the within electronically recorded
  3    proceedings are herein transcribed, pursuant to order of
  4    counsel.)
  5               THE COURT: Please be seated.  Ms. Kaufman --
  6               MS. KAUFMAN: Good afternoon.
  7               THE COURT: -- how are you?
  8               MS. KAUFMAN: Thank you.
  9               THE COURT: United States of America versus Waunita
 10    and Alois Craig Weingart, Case No. 11-cr-00355, Ms. Kaufman
 11    for the United States.
 12               MS. KAUFMAN: Good afternoon.
 13               THE COURT: Okay.  I have in front of me an
 14    Indictment issued by the grand jury in this district, 11-cr-
 15    00355, United States of America versus Waunita Weingart,
 16    John Phillip Gallegos and Alois Craig Weingart, containing
 17    numerous counts.
 18               As against Mr. Weingart, Counts 1, 2, 7, 8 and 9,
 19    alleged wire fraud under 18 United States Code, Section
 20    1343.  Each of those carries with it a potential penalty of
 21    not more than 20 years in prison, not more than a $250,000
 22    fine, or both, not more than a $100 special assessment fee,
 23    and I assume three years' supervised release.  Ms. Kaufman?
 24               MS. KAUFMAN: That's correct.
 25               THE COURT: Okay.  Count 17, also against Mr.

3

1  Weingart, engaging in money transactions and property
2  derived from specified unlawful activity under 18 United
3  States Code, Section 1957.  The potential penalty for that
4  is not more than 10 years in prison, not more than a
5  $250,000 fine, or both, a $100 special assessment fee, and
6  a potential of three years' supervised release.
7          With regard to Ms. Weingart, Counts 1, 3, 4, 5, 6,
8  7, 8, 9, 10 and 11, alleged wire fraud under 18 United
9  States Code, Section 1343.  Again, each count contains not
10 more than 20 years in prison, not more than a $250,00 fine,
11 or both, not more than three years' supervised release, and
12 a $100 special assessment fee.
13         Counts 13, 14, 15, 16 and 18, engaging in unlawful
14 money -- monetary transactions and property derived from
15 specified unlawful activity under 18 United States Code,
16 Section 1957.  Again, that's not more than ten years in
17 prison, not more than a $250,000 fine, or both, not more
18 than three years' supervised release, and a $100 special
19 assessment fee.
20         With regard to these charges, you have the right
21 to remain silent, anything you say in this court or to the
22 United States can be used against you in the prosecution of
23 this case.  You have the right to counsel.  If you cannot
24 afford an attorney, I will appoint one for you at no cost to
25 you.  You have both filled out financial affidavits.  You

                                                                  4

1     don't own a home it appears.  No children it appears, or at
2     least no dependents.
3            Okay.  I find that you qualify for appointment of
4     counsel, and I will appoint a federal public defender to
5     represent Ms. Weingart, and a member of the CJA panel to
6     represent Mr. Weingart.
7            You also have the right to a trial by jury.  At
8     that trial you'll be presumed innocent until proven guilty.
9     The government is required to prove you guilty beyond a
10    reasonable doubt.  You'll be allowed to challenge the
11    government's evidence, put on evidence that you are innocent
12    and, if you're found guilty, you can appeal that conviction.
13    The United States is seeking detention in this case.  Is
14    that correct, Ms. Kaufman?
15            MS. KAUFMAN: Yes, Your Honor.
16            THE COURT: Is there prior criminal conduct?
17            MS. KAUFMAN: The problem right now is we have
18    virtually no information on their -- at least a little bit
19    based on --
20            THE COURT: Okay.
21            MS. KAUFMAN: -- jobs or --
22            THE COURT: All right.
23            MS. KAUFMAN: -- anything that would tie them to
24    the community.
25            THE COURT: Not the typical case that you would see

                                                                5

1    detention, but you have --

2           MS. KAUFMAN: No, that's -- but that's the reason
3    I had expected actually to come to court and have
4    (inaudible) information provided (inaudible - not at
5    microphone).

6           THE COURT: Okay.  Well, here's the situation.
7    This is the kind of a charge that normally results in the
8    defendant being released pending trial.  The machinery needs
9    some time to investigate your backgrounds to make sure
10   there's nothing funny, but if you are the people that would
11   typically be defendants in this kind of case, I would say
12   it's likely that you'll be released.  However, there is a
13   federal law that says the United States government, the
14   prosecution in this case, can ask for three days -- and that
15   has to be business days -- to consider whether they're going
16   to seek detention or not.  The federal law says that during
17   that time period I have no alternative but to have you
18   detained.

19          Now, unfortunately, we have a three-day weekend,
20   so this is going to be somewhat longer than unusual.  The
21   first time that -- and if Ms. Kaufman wants the three days,
22   then we'll have to wait until the 12th of September.  Or,
23   excuse me, the 8th of September, which will be next
24   Thursday.

25          Ms. Kaufman, do you seek the three days?

                                                                  6

1            MS. KAUFMAN: Either two or three days.  I think
2     the probation department has to gather some information --
3            THE COURT: Right, I understand.
4            MS. KAUFMAN: -- and we do as well.
5            DEFENDANT WUANITA WEINGART: Can I speak?
6            THE COURT: Well, I'm not going to prohibit you
7     from speaking, just remember that even questions can contain
8     information, so if you want to ask me something, that's
9     fine, but you do a right to remain silent at this point.  Do
10    you want to ask me something?
11           DEFENDANT WUANITA WEINGART: I would just say that
12    I would lose my employment by then.  That's all.
13           THE COURT: Well, and I would regret that that
14    happens, but it is the law, and the last thing I want, or
15    the last thing you want even is a judge who is permitted to
16    disregard the law because of (inaudible), so I don't have
17    any choice if Ms. Kaufman requests detention.
18           But if we can try to be prepared by Wednesday
19    afternoon that might save you a day.  Do you think we can do
20    that?
21           UNIDENTIFIED MALE SPEAKER: That's not a problem,
22    Your Honor.
23           THE COURT: All right.  Are you available Wednesday
24    afternoon, Ms. Kaufman?
25           MS. KAUFMAN: Yes, Your Honor.

7

```
 1                THE COURT:  Okay.  Is this your case?
 2                MS. KAUFMAN:  Yes.
 3                THE COURT:  Okay.
 4                THE CLERK:  We can do 2 p.m.
 5                THE COURT:  2 p.m. on Wednesday afternoon.
 6                Between now and then you will be speaking with
 7    your attorney, and at that time we will have an arraignment,
 8    discovery and detention hearing at which you'll be allowed
 9    to enter your plea, and also, hopefully, on your parts at
10    least, request release under some kind of conditions.  Okay?
11                Anything further, Ms. Kaufman?
12                MS. KAUFMAN:  No, thank you, Your Honor.
13                THE COURT:  Okay.  Then Mr. and Mrs. Weingart are
14    remanded to the custody of the United States Marshal.
15                Do we have another matter?
16                THE CLERK:  Yes, Your Honor.
17                THE COURT:  Okay.  We'll be in recess.
18                THE CLERK:  All rise.
19                (Whereupon, the within hearing was then in
20    conclusion at 2:15 p.m. on September 2, 2011.)
21                I certify that the foregoing is a correct
22    transcript, to the best of my knowledge and belief, from the
23    record of proceedings in the above-entitled matter.
24         /s/ Bonnie Nikolas                    August 14, 2012
25         Signature of Transcriber                   Date
```