IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-355-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    WAUNITA WEINGART,
2.    JOHN PHILLIP GALLEGOS,
3.    ALOIS CRAIG WEINGART,

    Defendants.

---

**GOVERNMENT'S SUPPLEMENT TO GOVERNMENT'S PROFFER
RELATING TO THE METHODOLOGY USED BY WITNESS
DANA CHAMBERLIN AND MEMORANDUM OF LAW (Doc. 161)**

---

The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorneys Linda Kaufman and Martha Paluch, hereby submits to the Court its Supplement to Government's Proffer Relating to the Methodology Used by Witness Dana Chamberlin and Memorandum of Law (Doc. 161), (hereinafter, "the Proffer"), and as grounds therefor, states as follows:

    1.    Defendants Waunita Weingart and John Gallegos, in the Parties' Second Amended Joint Motion Under Fed. R. Evid. 702, stated that their objections to Ms. Chamberlin's Opinions #C1-#C2073 were "1, 5 or 3, 4, 5, depending on which methodology actually was employed by Ms. Chamberlin as to the itemized opinion in question." (Doc. 160 at 123).

    2.    In the Government's Proffer, the government described the methodology Ms. Chamberlin used and the manner in which she applied it in connection with Opinions #C1-

#C2073 at pages 1-4 and 18-21.

3. To assist the defendants in determining with greater particularity which objection(s) they wish to assert to which specific opinions, the government prepared a chart which restates Opinions #C1-#C2073 and categorizes each of them by the type of its supporting data. (Attachment 1.) These categories, set forth in Columns "A" through "F" in the chart, correspond to the descriptions set forth in the Proffer (Doc. 161 at pages 19-21), as to how Ms. Chamberlin tested her hypothesis, as follows:

> Columns "A" and "B":
>
> For those opinions designated in columns "A" and "B," the lender had provided a payment history, and the information on the payment history corresponded to the information from the bank record relating to a particular withdrawal. The payment histories referenced in column "A" bore the original loan identification number; the payment histories in column "B" bore a successor loan identification number.
>
> Columns "C" and "D":
>
> For those opinions designated in columns "C" and "D," the lender had not provided a payment history, but the bank record relating to the particular withdrawal bore the original loan identification number or a successor loan identification number, respectively.
>
> Column "E":
>
> For those opinions identified in column "E," Ms. Chamberlin had no payment history and no bank record bearing a loan identification number. She therefore found information elsewhere to link the questioned withdrawal to

a specific loan. In some instances, she compared the date and amount of the withdrawal in the bank records to the initial monthly payment for the loan and the first payment due date as set forth in the promissory note or other initial payment documentation prepared for the loan closing. Where this information linked the payment to the loan, she concluded that the withdrawal was a payment for that loan. If she saw that the same amount was withdrawn from a bank account the next month, she concluded that the subsequent withdrawal was a payment on that loan. In other instances, she compared the amount and timing of the withdrawal to a payment she had previously linked to a particular loan. If the timing and the amount of the questioned withdrawal fit the pattern of the payment(s) for a previously identified loan, she concluded that the questioned withdrawal was also for that loan.

Column "F":

For each opinion designated in column "F," Ms. Chamberlin also reviewed records from Speedpay, which helped confirm her stated opinion.

4. In order to enable the parties and the Court to better frame the issues for the Rule 702 hearing scheduled for November 27, 2012, the government provided the attached chart to counsel on November 8, 2012.

Respectfully submitted this 16th day of November, 2012.

    JOHN F. WALSH
    United States Attorney

    By: *s/ Linda Kaufman*
    Linda Kaufman
    Assistant United States Attorney
    1225 Seventeenth Street, Suite 700
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    Facsimile: (303) 454-0404
    E-mail: Linda.Kaufman@usdoj.gov


    By: *s/ Martha Paluch*
    Martha Paluch
    Assistant United States Attorney
    1225 Seventeenth Street, Suite 700
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    Facsimile: (303) 454-0404
    E-mail: Martha.Paluch@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on this 16th day of November, 2012, I electronically filed the foregoing **GOVERNMENT'S SUPPLEMENT TO GOVERNMENT'S PROFFER RELATING TO THE METHODOLOGY USED BY WITNESS DANA CHAMBERLIN AND MEMORANDUM OF LAW (Doc. 161)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Martin Adam Stuart
E-mail: martinstuartlaw@solucian.com

William Lewis Taylor
E-mail: wltaylorpc@gmail.com

Darlene Ann Bagley
E-mail: bagley@ridleylaw.com

Paula M. Ray
E-mail: paulamray@earthlnk.net


By: *s/ Solange Reigel*
SOLANGE REIGEL
Legal Assistant to AUSA Linda Kaufman
United States Attorney's Office
1225 - 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0244
Fax: (303) 454-0402
E-mail: solange.reigel@usdoj.gov