IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 11-cr-355-MSK-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   **WAUNITA WEINGART**
2.   JOHN PHILLIP GALLEGOS
3.   ALOIS CRAIG WEINGART,

    Defendants.
_____

**GOVERNMENT'S OBJECTIONS TO PRESENTENCE REPORT
(DOC. #281)**
_____

    The United States of America, by United States Attorney John F. Walsh and Assistant United States Attorneys Linda Kaufman and Martha Paluch, hereby gives notice of its Objections to the Presentence Report ("PSR").

    <u>Co-defendants</u>: Defendant John Gallegos' sentencing is now scheduled for August 19, 2013.

    <u>PSR Paragraph 1</u>: Defendant Waunita Weingart was charged with wire fraud in Counts 1 and 3-11; she was charged with engaging in monetary transactions in property derived from specified unlawful activity (money laundering) in Counts 13-16 and 18. Defendant John Gallegos was charged with wire fraud in Counts 1, 2, 5, 6, and 12, and with money laundering in Counts 13 and 15. Defendant Alois Craig Weingart was charged with wire fraud in Counts 1, 2, 7. 8, and 9, and with money laundering in Count 17.

PSR Paragraph 4: The parties initially agreed that the guidelines loss was $9,607,365.46 and the restitution $12,490,437.96. Upon further review and based upon information received from lenders since the date of the plea agreement, the parties have revised those figures downward to $9,547,240.22 and $12,430,312.72, respectively.

PSR Paragraph 14: The last line of this paragraph should be revised to state, "the mortgage brokerage she controlled."

PSR Paragraph 40, footnote 1: This footnote should be corrected to state that the government provided a "revised guidelines loss amount" of $9,547,240.22, rather than a "revised actual restitution amount" of $9,547,240.22.

PSR Paragraph 41: The charts in this paragraph should be amended to more particularly name the entities which should receive restitution, as follows:

| Entity | Amount |
| --- | --- |
| Am Trust NPSFR Venture, LLC | $741,460.04 |
| Bank of America | $2,202,992.40 |
| Bank of New York, as Trustee for Asset-Backed Certificate, Series 2005-13 | $478,512.37 |
| Deutsche Bank National Trust Co., as Trustee for Registered Holders of Morgan Stanley ABS Capital I Trust Inc. Trust 2007-HE7 Mortgage Pass Through Certificates, Series 2007-HE7 | $567,020.88 |
| Fidelity National Title Group | $2,001,589.21 |
| GMAC | $976,395.28 |
| JP Morgan Chase | $1,130,867.02 |
| US Bank, as Trustee for MASTR Asset-Backed Securities Trust 2007-HE1 Mortgage Pass Through Certificate Series 2007-HE1 | $438,886.08 |
| Wells Fargo Bank | $1,009,516.94 |

| **Total Loss:** | **$9,547,240.22** |
|---|---|

Additional restitution agreed upon by the parties:

| Capital One | $35,728.81 |
|---|---|
| CitiBank | $96,000.00 |
| Deutsche Bank National Trust Company, as Trustee for WAMU Mortgage Pass Through Certificates WAMU 2005-AR2 | $423,097.63 |
| Flagstar Bank | $367,373.66 |
| OneWest Bank | $325,976.13 |
| Specialized Loan Servicing | $141,202.45 |
| US Bank National Association | $261,778.01 |
| US Bank N.A. successor in interest to Bank One | $378,398.84 |
| US Bank as Trustee under Pooling and Servicing Agreement dated as of May 1, 2001 Master Asset Backed Securities Trust 2007-HE1 Mortgage Pass-Through Certificate Series 2007-HE1 | $463,886.31 |
| Wells Fargo as Trustee for Morgan Stanley Capital I, Inc. Trust 2006-HE1, Mortgage Pass Through Certificate Series 2006-HE1 | $389,630.66 |
| **Additional Agreed Upon Restitution:** | **$2,883,072.50** |

| **Total Restitution** | **$12,430,312.72** |
|---|---|

PSR Paragraph 47: This paragraph should be revised to state that the estimated guidelines loss amount is $9,547,240.22.

PSR Paragraph 48: The parties agree that the adjustment for sophisticated means applies. The evidence supporting this adjustment is far more voluminous than the

examples cited in this paragraph, and rather than limiting the explanation to the examples set forth in Paragraph 48, the government would refer the Court instead to the facts set forth in the stipulated factual basis of the plea agreement as recited in Paragraphs 12-40 of the PSR.

PSR Paragraph 49: The government does not agree, based on the facts before the Court, that the adjustment under U.S.S.G. § 2B1.1(b)(15)(A) applies. That provision and the Application Note thereto provide that if the defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense, the offense level should be increased by 2. In this case, the statement of stipulated facts does not reveal the defendant's specific ownership interest of the companies into whose accounts the gross proceeds were deposited, or how the gross receipts were divided among the co-defendants. See United States v. Weidner, 437 F.3d 1023, 1045-47 (10th Cir. 2006) (guideline language provides that the sentencing court may consider "gross receipts to the defendant individually rather than to all participants", citing §2B1.1 cmt. N.9 (2001)).; United States v. Colton, 231 F.3d 890, 911-12 (4th Cir. 2000) (enhancement for more than $1,000,000 in gross receipts applies when record establishes that defendant "individually benefitted" by that amount). Further, not all of the original lenders were financial institutions, and the statement of stipulated facts does not identify which of the original lenders were financial institutions and which were not.

PSR Paragraph 51: Consistent with Paragraphs 13, 28, and 31 of the PSR, the government believes the second sentence of Paragraph 51 should be revised to state, "The defendant used her skills as a mortgage broker, settlement agent, and licensed title insurance producer in a manner that significantly facilitated the commission and

4

concealment of the offense."

<u>PSR Paragraphs 53 and 55:</u> Based on the government's objection to Paragraph 49, the adjusted offense level would be 31, and the total offense level would be 28.

<u>PSR Paragraph 90:</u> This paragraph reflects that the defendant owns no real estate. In fact, as referenced in Paragraph 94, she is co-record title holder of the real property located at 141 Lost Angel Road, Boulder, Colorado (with her son and co-defendant John Gallegos). This property could potentially generate rental income for the defendant.

<u>PSR Paragraph 91:</u> It should be noted that among the unsecured claims which were discharged in the defendant's District of Arizona bankruptcy proceedings were those relating to the defendant's Lost Angel property. (Attachment 1 - Schedule F). The only creditor listed as holding a secured claim was Mercedes Benz Financial, for a 2003 Mercedes Benz vehicle. (Attachment 2 - Schedule D).

<u>PSR Paragraph 94:</u> It should be noted that although U.S. Bank, N.A. filed a Notice of Election and Demand for Sale on the defendant's Lost Angel property in October 2008, it later abandoned its attempt to foreclose, and no other lender has foreclosed on the property. A representative of JP Morgan Chase Bank has informed government counsel that it has paid recent property taxes for 141 Lost Angel Road so that its interest in the property would not be subordinate to a tax lien. Counsel for J.P. Morgan Chase Bank has informed the government counsel that as of May 28, 2013, J.P. Morgan Chase's liens have been referred to the law firm of Aronowitz and Mecklenberg for foreclosure, but that the foreclosure has been placed on hold pending further review. The government's position is that as a practical matter, any lender which attempts to foreclose on this property is likely to face significant title issues. (See, e.g. Attachment 3).

PSR Paragraph 97: If the total offense level is 28, with a criminal history category of I, the guideline range would be 78-97 months' incarceration.

PSR Paragraph 106: It is the government's position that as a condition of supervised release, the defendant should be precluded from obtaining any loans or lines of credit, particularly any mortgages against real estate, without the probation officer's specific prior approval, regardless of the defendant's compliance in making the periodic payments which may be ordered by the Court.

PSR Paragraph 110: The government believes that the last phrase should be amended to state "or any other forms of contact with buyers, borrowers, or investors in real estate without the prior permission of her supervising probation officer."

PSR Paragraph 113: If the Court determines that the offense level is 28, then the guideline range for a fine would be $12,500-$125,000.

PSR Paragraph 123: This paragraph should be corrected to reflect that the properties refinanced in this crime, 141 Lost Angel Road, Boulder, Colorado, and 7766 Saxeborough Drive, Castle Rock, Colorado were owned by the defendant and John Gallegos and the defendant and Alois Craig Weingart, respectively. This paragraph should also state that the scheme the defendant devised and carried out continued from August, 2000 through May, 2008, and that the defendant's concealment of the offense over that period required an extraordinary degree of sophistication and persistent attention to detail.

PSR Paragraph 124: The sentence referencing the jet in this paragraph should be revised to state that in July 2006, the defendant, as manager of Private Class Air, LLC, leased a jet aircraft with an option to buy it. The lease provided for 60 monthly payments of $15,000.00 and a final balloon payment of $855,782.11. (Attachment 4, excerpt of lease

agreement). John Gallegos piloted the jet. The monthly payments were made through April 2008.

Respectfully submitted,

JOHN F. WALSH
United States Attorney


By: *s/ Linda Kaufman*
Linda Kaufman
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: Linda.Kaufman@usdoj.gov


By: *s/ Martha Paluch*
Martha Paluch
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: Martha.Paluch@usdoj.gov
Attorneys for Government

## CERTIFICATE OF SERVICE

I certify that on this 30th day of May, 2013, I electronically filed the foregoing **GOVERNMENT'S OBJECTIONS TO PRESENTENCE REPORT (DOC. #281)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Martin Adam Stuart
E-mail: martinstuartlaw@solucian.com

William Lewis Taylor
E-mail: wltaylorpc@gmail.com

Darlene Ann Bagley
E-mail: bagley@ridleylaw.com

Paula M. Ray
E-mail: paulamray@earthlnk.net

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Nicole D. Peterson - U.S. Probation Officer
E-mail: Nicole_Peterson@cod.uscourts.gov

By: *s/ Solange Reigel*
SOLANGE REIGEL
Legal Assistant to AUSA Linda Kaufman
United States Attorney's Office
1225 - 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0244
Fax: (303) 454-0402
E-mail: Solange.Reigel@usdoj.gov