## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.  11–cr–000335-001-MSK

UNITED STATES OF AMERICA,

Plaintiff,

v.

**1.     WAUNITA WEINGART,**

Defendant.

---

## DEFENDANT WAUNITA WEINGART'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

---

Pursuant to Fed. R. Crim. P. 32(f), Waunita Weingart, through counsel, hereby files this Objection to the Presentence Investigation Report ("PSIR").  (Doc. 281).

## CORRECTIONS

In the section entitled "PART F. FACTORS THAT MAY WARRANT A NON-GUIDELINE SENTENCE," paragraph 124, Ms. Weingart is said "[a]t one point during the scheme" to have "owned a small jet…"  (Doc. 281 p. 26).  In fact, Ms. Weingart did not own a jet.  She did, however, *lease* a jet at one point.

## OBJECTIONS

**There is No Evidence to Support the Specific Offense Characteristic in the PSIR that the Defendant Derived More than $1,000,000 in Gross Receipts**

In calculating offense specific level contributions, the PSIR sets forth a two-level enhancement alleging:

49. **Specific Offense Characteristics:** Pursuant to USSG §2B1.1(b)(15)(a), if the defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the instant offense, increase by 2 levels. The defendant received more than $1,000,000 as a result of her involvement in the instant offense; therefore, the offense level is increased by 2.

(Doc. 281 p. 16).

However, to date, neither the government's investigation nor the facts before this Court support a finding that Ms. Weingart received more than $1,000,000 as a result of her involvement in the instant offense. There is insufficient information to determine whether an excess of $1,000,000 was obtained by Ms. Weingart individually, or whether any gross receipts exceeding $1,000,000 were obtained instead by the co-defendants individually or jointly with Ms. Weingart in this case.

Comment no. 11 to USSG §2B1.1 clarifies that the enhancement for deriving more than $1,000,000 in gross receipts from a financial institution applies "*if* the gross receipts *to the defendant individually*, *rather than to all participants, exceeded $1,000,000.*" (emphasis added). This enhancement does not apply if the gross receipts exceeding $1,000,000 were obtained jointly by multiple defendants or individually by other co-defendants. United States v. Weidner, 437 F.3d 1023, 1045-46 (10th Cir. 2006) (citing Comment number 9 to USSG §2B1.1 (now located at Comment number 11), and concluding that the district court erred in attributing an excess of $1,000,000 in gross receipts to both defendants where one defendant received a $1.5 million increase in his line of credit before the funds were transferred to the other defendant's real estate investment); United States v. Colton, 231 F.3d 890, 911-12 (4th Cir. 2000) (finding that the government failed to demonstrate that the defendant derived more than $1,000,000

in gross receipts from the offense where he and his co-defendant each individually received $300,000 and the remaining $1.5 million went to a corporation of which the defendant only owned a fifty-percent interest; the court concluded that nothing in the record indicated that the defendant could unilaterally use the additional funds in the corporation or that he individually benefited by more than the $300,000 he received); USSG §2B1.1 cmt n. 11.

Here, there is insufficient evidence to support a finding that Ms. Weingart *individually*, rather than jointly with or separately from her co-defendants, derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the instant offense.  Neither the government's investigation, nor the facts before this Court provide sufficient evidence by which to make such a finding.

**WHEREFORE**, Defendant respectfully objects to the PSIR's conclusion that "[t]he defendant received more than $1,000,000 as a result of her involvement in the instant offense…"  (Doc. 281 ¶ 49) and requests this Court find that there is insufficient evidence to so conclude.

Respectfully submitted,

Dated: May 30, 2013                        By: s/Martin Stuart_____
                                                     MARTIN STUART, *counsel for* Ms.
                                                     Weingart
                                                      PortmanStuart, LLC
                                                      955 Bannock Street, suite 200
                                                      Denver, CO 80204
                                                      Phone 303-355-6789
                                                      Fax 303-623-0714

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of May 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Linda Kaufman
Assistant United States Attorney
1225 17th St., Ste. 700
Denver, CO 80202
Linda.kaufman@usdoj.gov

William Taylor
Darlene Bagley
*Attorneys or John Gallegos*
303 16th Street, #200
Denver, CO 80202
wltaylorpc@gmail.com

Paula Ray
*Attorney for Alois Craig Weingart*
1801 Broadway, suite 1100
Denver, CO 80202
paulamray@earthlink.net

/s/ Martin Stuart_____
Martin Stuart