AO 245C (Rev. 02/18)   Amended Judgment in a Criminal Case                                                       (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

## District of Colorado

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>WAUNITA WEINGART | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:   1:11-cr-00355-MSK-1<br><br>USM Number:   37915-013<br><br>Martin A. Stuart<br>Defendant's Attorney |

**Date of Original Judgment:** 9/10/2013
*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim.P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to
   ☐ 28 U.S.C. § 2255   ☐ 18 U.S.C. § 3559(c)(7) or   ☐ First Step Act § 404
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   3 and 6 of the Indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 12/22/2006 | 3 |
| 18 U.S.C. § 1343 | Wire Fraud | 01/24/2007 | 6 |

   The defendant is sentenced as provided in pages 2 through   10   of this judgment in accordance with the findings and conclusions made in open court, a transcript of which is attached hereto and incorporated in by this reference. The sentence is imposed pursuant the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   the remaining Counts of the Indictment are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 10, 2013
Date of Imposition of Judgment

*/s/ Marcia S. Krieger*
Signature of Judge

Marcia S. Krieger, Senior U.S. District Judge
Name and Title of Judge

12/5/19
Date

AO 245C (Rev. 02/18) Amended Judgment in Criminal Case  (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: WAUNITA WEINGART
CASE NUMBER: 1:11-cr-00355-MSK-1

Judgment — Page 2 of 10

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **ninety (90) months**, as to Counts 3 and 6, to be served concurrently.

☐  The court makes the following recommendations to the Bureau of Prisons:

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 02/18) Amended Judgment in Criminal Case         (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 3 of 10

DEFENDANT: WAUNITA WEINGART
CASE NUMBER: 1:11-cr-00355-MSK-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **three (3) years** as to each Count, to run concurrently.

# MANDATORY CONDITIONS *

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)* *
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)* *
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 02/18) Amended Judgment in Criminal Case                                          (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 4 of 10

DEFENDANT:       WAUNITA WEINGART
CASE NUMBER:     1:11-cr-00355-MSK-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, notify the person about the risk or require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.


## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____        Date _____

AO 245C (Rev. 02/18) Amended Judgment in Criminal Case (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 10

DEFENDANT: WAUNITA WEINGART
CASE NUMBER: 1:11-cr-00355-MSK-1

## SPECIAL CONDITIONS OF SUPERVISION

1. You must not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless you are in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
2. As directed by the probation officer, you must apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case.
3. Within 60 days of release on supervised release, Defendant shall meet with the probation officer to develop a plan for the payment of restitution. The defendant shall document all income or compensation generated or received from any source and provide such information to the probation officer as requested. The plan of payment will be based upon the defendant's income and expenses with the restitution amount to be paid in monthly installment payments. Such monthly installment payments shall be at least 10 percent of the defendant's gross monthly income. The plan for payment shall be reviewed with the probation officer semi-annually.

.

AO 245C (Rev. 02/18) Amended Judgment in Criminal Case   (NOTE: Identify Changes with Asterisks (*))

Judgment — Page  6  of  10

DEFENDANT: WAUNITA WEINGART
CASE NUMBER: 1:11-cr-00355-MSK-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the following page.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 0.00 | $ 12,430,312.72 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| AM Trust NPSFR Venture, LLC<br>c/o Alicia Wood<br>Residential Credit Solutions, Inc.<br>4282 North Freeway<br>Ft. Worth, TX 76137 | $741,460.04 | $741,460.04 | |
| Bank of America<br>c/o Ms. Regina R. Forest<br>Vice-President, Investigation Services<br>Manager Corporate Security<br>Bank of America<br>201 N. Tryon St., 7th Floor<br>Mail Code NC1-022-07-11<br>Charlotte, NC 28255 | $2,202,992.40 | $2,202,992.40 | |
| Bank of New York, as Trustee for Asset-Backed Certificates Series 2005-13<br>c/o Alvin A. Narin<br>Managing Director and Managing Counsel<br>BNY Mellon<br>One Wall Street, 11th Floor<br>New York NY 10286 | $478,512.37 | $478,512.37 | |

**ADDITIONAL RESTITUTION PAYEES CONTINUED ON NEXT PAGE**

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the following page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the   ☐ fine   ☒ restitution.
    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 02/18) Amended Judgment in Criminal Case (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 7 of 10

DEFENDANT: WAUNITA WEINGART
CASE NUMBER: 1:11-cr-00355-MSK-1

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Deutsche Bank, National Trust Co. As Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-HE7 Mortgage Pass Through Certificates, Series 2007-HE7 c/o Ocwen Loan Servicing, LLC c/o Ocwen Law Department 1661 Worthington Road, Suite 100 West Palm Beach, FL 33409 | $567,020.88 | $567,020.88 | |
| Fidelity National Title Group c/o Aaron J. Bryan Esq. Fraud Review Counsel 601 Riverside Avenue Building Five/Fourth Floor Jacksonville, FL 32204 | $2,001,589.21 | $2,001,589.21 | |
| GMAC c/o Mr. Tim Lindquist, Paralegal 8400 Normandale Lake Boulevard Bloomington, MN 55437 | $976,395.28 | $976,395.28 | |
| JP Morgan Chase c/o Ms. Jennifer Arney 7610 West Washington Indianapolis, IN 46231 | $1,130,867.02 | $1,130,867.02 | |
| US Bank as Trustee For MASTR Asset-Backed Securities Trust 2007-HE1 Mortgage Pass Through Certificate Series 2007-HE1 c/o John Richards, Esq. 60 Livingston Avenue EP-MN-WS3D St. Paul, MN 55107 | $438,886.08 | $438,886.08 | |
| Wells Fargo Bank c/o Mr. Steve Lindstrom 1700 Lincoln Street, 9th Floor MAC C7300-09C Denver, CO 80203 | $1,009,516.94 | $1,009,516.94 | |
| Capital One c/o Andrew W. Noble, Esq. Severson & Werson. One Embarcadero Center, 26th Floor San Francisco, CA 94111 | $35,728.81 | $35,728.81 | |

**ADDITIONAL RESTITUTION PAYEES CONTINUED ON NEXT PAGE**

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 02/18) Amended Judgment in Criminal Case                                              (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 8 of 10

DEFENDANT: WAUNITA WEINGART
CASE NUMBER: 1:11-cr-00355-MSK-1

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Citi Bank NA<br>c/o Ms. Kathleen Wood Wagner<br>701 E. 60th Street North<br>MC 1251<br>Sioux Falls, SD 57117 | $96,000.00 | $96,000.00 | |
| Deutsche Bank National Trust Company as Trustee for WAMU Mortgage Pass Through Certificates WAMU 2005-AR2 | $423,097.63 | $423,097.63 | |
| Flagstar Bank<br>c/o Mr. John M. Gray<br>Financial Investigations Unit<br>5151 Corporate Drive<br>Troy, MI 48098 | $367,373.66 | $367,373.66 | |
| One West Bank, FSB<br>c/o George Lopez<br>Custodian of Records<br>Attn: Corporate Legal<br>888 East Walnut Street<br>Pasadena, CA 91101 | $325,976.13 | $325,976.13 | |
| Specialized Loan Servicing<br>Custodian of Records<br>8742 Lucent Boulevard, Suite 300<br>Highlands Ranch, CO 80129-2389 | $141,202.45 | $141,202.45 | |
| U.S. Bank National Association<br>c/o Select Portfolio Servicing, Inc.<br>David Recksiek, Supervisor<br>Contested Default Management<br>3815 South West Temple<br>Salt Lake City, UT 84115 | $261,778.01 | $261,778.01 | |
| U.S. Bank N.A., successor in interest to BankOne, NA<br>c/o Select Portfolio Servicing, Inc.<br>David Recksiek, Supervisor<br>Contested Default Management<br>3815 South West Temple<br>Salt Lake City, UT 84115 | $378,398.84 | $378,398.84 | |

**ADDITIONAL RESTITUTION PAYEES CONTINUED ON NEXT PAGE**

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 02/18) Amended Judgment in Criminal Case                                                      (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 9 of 10

DEFENDANT: WAUNITA WEINGART
CASE NUMBER: 1:11-cr-00355-MSK-1

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| U.S. Bank as Trustee Under Pooling and Servicing Agreement dated May 1, 2001 Master Asset Back Securities Trust 2007-HE1 Mortgage Pass-Through Certificates Series 2007-HE1 60 Livingston Avenue EP-MN-WS3D St. Paul, MN 55107 | $463,886.31 | $463,886.31 | |
| Wells Fargo Bank, NA, as Trustee for Morgan Stanley Capital I, Inc. Trust 2006-HE1, Mortgage Pass-Through Certificate Series 2006-HE-1 c/o Ocwen Loan Servicing Ocwen Law Department 1661 Worthington Road, Suite | $389,630.66 | $389,630.66 | |
| **TOTALS** | **$12,430,312.72** | **$12,430,312.72** | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 02/18) Amended Judgment in Criminal Case     (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 10 of 10

DEFENDANT: WAUNITA WEINGART
CASE NUMBER: 1:11-cr-00355-MSK-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

The special assessment and restitution obligation are due immediately. Any unpaid restitution balance upon release from incarceration shall be paid in monthly installments during the term of supervised release. Within 60 days of release from confinement, the defendant shall meet with the probation officer to develop a plan for the payment of restitution. This plan will be based upon the defendant's income and expenses. The plan will be forwarded to the court for review and approval.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Alois Craig Weingart, Docket No. 11-cr-00355-MSK-03, $465,115.12.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.